| | |
|---|---|
| KENNETH HILL, | No. 2:19-cv-0184 TLN DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al.. | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, this court finds plaintiff has stated potentially cognizable claims under the Americans with Disabilities Act and Rehabilitation Act against defendant Ayala but fails to state any other claims. Accordingly, the court will order plaintiff to provide service documents for defendant Ayala and will recommend dismissal of the remaining claims.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the

1

deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Analysis**

**A. Allegations of the Second Amended Complaint**

Plaintiff complains of conduct that occurred at California State Prison, Sacramento ("CSP-Sac") in 2017. Plaintiff identifies the following six defendants: (1) California Department of Corrections and Rehabilitation ("CDCR"); (2) Scott Kernan, Secretary of the CDCR; (3) M. Voong, Chief, Office of Appeals; (4) H. Liu, Appeals Examiner; (5) David Baughman, Warden, CSP-Sac; and (6) Y. Ayala, Correctional Counselor I at CSP-Sac.

Plaintiff describes events very similar to those set out in his original complaint. Plaintiff contends he was transferred to CSP-Sac in 2017 so that he could receive a higher level, the EOP level, of mental health treatment. At that time, plaintiff was eligible for family overnight visits. In July 2017, plaintiff submitted a request for family visits to defendant Ayala. Ayala first denied plaintiff because, she told him, as an EOP participant he was not eligible for family visits. She then denied him for failing to have a marriage certificate on file and, finally, for having a pending RVR. Plaintiff contends that when doing so, Ayala expressed a bias against EOP patients.

Plaintiff then attempted to be placed on a waiting list for a prison job. Ayala informed him that the prison did not permit EOP participants to work in the jobs he was seeking. However, in her written denial of plaintiff's application, Ayala stated that it was due to plaintiff's receipt of several RVRs. Three months later, Ayala's supervisor granted plaintiff's request and he was placed on a job list.

Plaintiff contends that in October 2017 defendant Baughman "arbitrarily" denied his appeal seeking family visits based on a memo issued by defendant Kernan. According to plaintiff, in that memo, Kernan changed the eligibility requirement for family visiting. Plaintiff contends Kernan's memo amended a regulation in violation of the Administrative Procedures Act.

2

According to plaintiff, the regulation stated that prisoners could be excluded from family visits if they had been found guilty of a Division A or B offense within the prior 12 months. However, Kernan's memo stated that a prisoner was only eligible for family visits if he had "No Division A or B offenses within the last 12 months."

In December 2017, plaintiff submitted his appeal to the third level of review. Also at that time, plaintiff submitted his claims to the Government Claims Program. Plaintiff states that Ayala saw these claims and asked plaintiff if he was planning to sue her.

Plaintiff submitted another request for family visits in early February 2018. Ayala granted that request because, according to plaintiff, she feared being sued.

On February 28, 2018, defendant Liu denied plaintiff's appeal at the third level. Defendant Voong reviewed and approved that denial.

Plaintiff alleges the following claims: (1) defendants' actions amounted to violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"); and (2) defendants Kernan, Voong, Liu, and Baughman revised a state regulation in violation of the Administrative Procedures Act ("APA").

### B. Does Plaintiff State Cognizable Claims?

#### 1. ADA and RA

Plaintiff alleges discrimination based on his mental health disability in violation of the ADA and RA. To state claims under both laws, a plaintiff must allege disparate treatment or discrimination. See 42 U.S.C. § 12132 (ADA); 29 U.S.C. § 794 (RA); Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); Atcherley v. Hanna, No. 2:13-cv-0576 AC P, 2014 WL 2918852, at *7 (E.D. Cal. June 26, 2014) (The elements of claims under the ADA and the RA are functionally the same.)

Plaintiff's allegations are minimally sufficient to allege a claim under the ADA and RA against defendant Ayala for discrimination based on his participation in the EOP program. However, plaintiff fails to state discrimination claims against the remaining defendants. Plaintiff

alleges that the basis for their denial of his family visits was a "revision" of the regulations which prevented him from participating because he had outstanding RVRs. The court finds that any attempt by plaintiff to amend his ADA and RA claims against defendants Kernan, Voong, Liu, and Baughman would be futile. In both complaints reviewed by this court, plaintiff has consistently described the actions of Kernan, Voong, Liu, and Baughman as involving only denial of his appeals. And, that denial was based on Kernan's memo, not on any discrimination based on plaintiff's participation in the mental health program. Accordingly, this court will recommend plaintiff's ADA and RA claims against defendant Kernan be dismissed without leave to amend.

### 2. APA

In his final claim, plaintiff alleges defendants Kernan, Voong, Liu, and Baughman violated the APA when Kernan made changes to regulations, and the other defendants relied on those changes, resulting in further denial of plaintiff's right to family visits. Violation of the APA is a state law issue. See Jones v. Wyrick, No. 2:17-0165 CKD P, 2017 WL 2473121, at *3 (E.D. Cal. June 8, 2017). For two reasons, this court will decline to exercise supplemental jurisdiction over this state-law claim. First, supplemental jurisdiction should be exercised where the state claims share a "common nucleus of operative fact" with the federal law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). While both sets of claims involve denials of plaintiff's request for family visitation, the underlying facts for each are completely separate. Analysis of plaintiff's federal claim will require considering whether defendant Ayala discriminated against plaintiff based on his mental health disability. On the other hand, analysis of plaintiff's APA claim will require consideration of the actions of the remaining defendants in relying on Kernan's memo regarding a regulation for family visits, Kernan's conduct in creating that memo, and the state law standards for amending regulations. Kernan's memo and the regulation at issue do not involve family visitation for mental disabled patients.

Second, plaintiff's allegations of an APA violation involve defendants who are not involved in the ADA and RA violations. This court finds the relationship between plaintiff's claims is too attenuated to support exercise of supplemental jurisdiction. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir. 1996) (finding there was not "a sufficient nexus between the federal

and state causes to support supplemental jurisdiction"). Accordingly, this court will recommend dismissal of plaintiff's claim under the APA.

### 3. Defendant CDCR

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. Of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

The CDCR, as a state agency, is entitled to Eleventh Amendment immunity regardless of the relief sought by plaintiff. Accordingly, the court will recommend CDCR be dismissed as a defendant.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Service of the second amended complaint is appropriate for defendant Ayala.

2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet, and a copy of the second amended complaint filed April 11, 2019.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Ayala; and

    d. Two copies of the endorsed second amended complaint filed April 11, 2019.

4. Plaintiff shall not attempt to effect service of the second amended complaint on defendant or request a waiver of service of summons from defendant. Upon receipt of the above-described

documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS RECOMMENDED that all claims against defendants CDCR, Kernan, Voong, Liu, and Baughman be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hill0184.SAC scrn

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.<br><br>　　　　Defendants. | No. 2:19-cv-0184 TLN DB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

　　\_\_\_\_\_　　completed summons form

　　\_\_\_\_\_　　completed USM-285 forms

　　\_\_\_\_\_　　copies of the Second Amended Complaint

DATED:

　　　　　　　　　　　　　　　Plaintiff