UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>            Plaintiff,<br><br>      v.<br><br>Y. AYALA,<br><br>            Defendant. | No. 2:19-cv-0184 TLN DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff alleges that defendant discriminated against him based on plaintiff's participation in a mental health program when he sought family visits and a job. Before the court is plaintiff's motion to compel defendant to respond to a request for production of documents. For the reasons set forth below, plaintiff's motion will be granted in part.

**BACKGROUND**

This case is proceeding on plaintiff's claims in his second amended complaint against defendant Y. Ayala. Plaintiff alleges that in 2017, he was transferred to California State Prison – Sacramento ("CSP-Sac") so that he could participate in a mental health program, the Enhanced Outpatient Program ("EOP"). In October 2017, plaintiff requested a family visit. He alleges that defendant Ayala, a correctional counselor at CSP-Sac, denied that request based on plaintiff's participation in the EOP program. He further alleges that Ayala denied plaintiff the right to apply

1

for a certain prison job, again based on his EOP participation. On screening, this court found plaintiff stated cognizable claims against Ayala for discrimination under the Americans with Disabilities Act and Rehabilitation Act.

## MOTION TO COMPEL

**I. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

>the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Analysis**

Plaintiff seeks to compel responses to the following request from his third request for production of documents:

>REQUEST NO. 1:
>
>Any and All documents/records related to the number of Family Visits Approved and Scheduled for EOP patients housed on A-Facility from 1-1-16 to this date.

Defendant Ayala submitted the following response:

>RESPONSE TO REQUEST NO. 1:
>
>Defendant objects to this request because it is: (1) vague and ambiguous; (2) compound; (3) not relevant to any claim or defense in this lawsuit; (4) not calculated to lead to the discovery of admissible evidence; (5) burdensome; (6) harassing; (7) seeks confidential information; (8) seeks production of documents that, if produced, would create a hazard to the security and safety of the institution; (9) seeks production of documents that are considered by the California Department of Corrections and Rehabilitation to be confidential; (10) seeks information regarding other inmates, which are privileged under state law; (11) seeks production of documents that are protected by Defendants' and third-party inmates' privacy rights and the official-information privilege; (12) seeks production of documents that Plaintiff is not permitted to possess under California Code of Regulations, Title 15, sections 3450(d), 3084.9(i)(3)(B)(1), and 3321(a)(1)-(2); and (13) seeks production of documents that are protected by California Government Code section 6254(f) and California Evidence Code sections 1040-1043.

> Without waiving objections and subject to them, Defendant responds: Responsive documents are referenced in the attached privilege log.

The privilege log references one responsive document. Defendant describes it as an Excel spreadsheet that identifies inmates approved for family visits in Facility A during the relevant time period. Defendant argues that the spreadsheet contains confidential information. Defendant further argues that it is not relevant to plaintiff's claims because: (1) it does not identify which inmates are participants in the EOP program, and (2) it does not show who was responsible for granting the inmates family visits.

This court agrees with plaintiff that defendant's confidentiality concerns could be addressed by redacting relevant responsive documents. That said, this court finds defendant's relevancy objections valid. Plaintiff claims defendant Ayala discriminated against plaintiff based on plaintiff's EOP status. Plaintiff's request seeks information about all EOP inmates' approved requests for family visits, regardless of whether they were considered by defendant.

While plaintiff argues that he requires the information to show a disparity between family visits approved for EOP participants and those approved for the general population, this is not a class action lawsuit challenging the prison's denial of the rights of all EOP participants. Rather, this case is limited to the issue of whether one person, defendant Ayala, discriminated against one person, plaintiff, based on his EOP status.

This court does find that plaintiff's request can be limited to seek only information that could be potentially relevant to his claims. This court will require defendant to respond to the following, limited request for production of documents: Any documents/records related to the number of family visits approved by defendant Ayala for EOP participants housed on A-Facility from January 1, 2016 through the date plaintiff served his third request for production of documents.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 53) is granted in part;

2. Within twenty days of the date of this order, defendant shall serve on plaintiff a response to the following request for production of documents: Any documents/records related to

the number of family visits approved by defendant Ayala for EOP participants housed on A-Facility from January 1, 2016 through the date plaintiff served his third request for production of documents. If defendant has responsive documents that contain the private or privileged information of other inmates or their families, he may redact those documents before providing them to plaintiff.

Dated: September 10, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hill0184.mtc