IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KENNETH HILL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Y. AYALA,<br><br>　　　　　　Defendant. | 2:19-cv-0184 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendant discriminated against him based on plaintiff's participation in a mental health program when he sought family visits and a job. Before the court are plaintiff's motion to compel defendant to produce documents and defendant's motion to modify the Discovery and Scheduling Order. For the reasons set forth below, this court denies plaintiff's motion and grants defendant's.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint ("SAC"). (ECF No. 18.) On screening, this court found plaintiff stated a claim under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") against defendant Ayala for her denial of plaintiff's

requests for family visits and for a job. (ECF No. 21.) Defendant filed an answer on October 16, 2019. (ECF No. 35.) This court issued a Discovery and Scheduling Order ("DSO") on March 2, 2020. (ECF No. 45.) The DSO set a deadline of July 2, 2020 for all discovery, including motions to compel discovery, and October 2, 2020 for dispositive motions. The DSO also required the parties to serve any discovery at least 60 days prior to the discovery deadline.

On July 2, 2020, defendant moved to modify the DSO based on the inability to depose plaintiff due to prison restrictions created in response to the COVID-19 pandemic. (ECF No. 52.) This court granted, in part, defendant's request. This court: (1) continued the deadline for defendant to depose plaintiff through September 15, 2020; (2) continued the deadline for filing dispositive motions through December 2, 2020; and (3) held that the March 2, 2020 Discovery and Scheduling Order remained the same in all other respects. (ECF No. 54.)

Also on July 2, 2020,[1] plaintiff filed a motion to compel defendant to respond to his first request for production of documents. (ECF No. 53.) On September 10, 2020, this court granted plaintiff's motion in part. (ECF No. 60.) This court ordered defendant to provide plaintiff with some of the documents he requested within twenty days of the September 10, 2020 order.

On September 15, 2020, defendant again moved for an extension of the deadline to depose plaintiff. (ECF No. 61.) Again, this court granted the motion in part. This court continued the discovery deadline to October 20, 2020 and continued the dispositive motion deadline to January 4, 2021. (ECF No. 62.) In addition, this court again held that the March 2, 2020 DSO was unchanged in any other respect.

Plaintiff filed the present motion to compel on November 29, 2020. (ECF No. 63.) Defendant opposes the motion. (ECF No. 64.) In motions filed December 30 and February 3, defendant seeks a continuance of the dispositive motion deadline. (ECF Nos. 66, 67.)

## MOTION TO COMPEL

In his present motion to compel, plaintiff states that on October 11, 2020, he served defendant with a second request for production of documents. Plaintiff requested documents

---

[1] Based on the mailbox rule, plaintiff's motion is deemed filed when he presented it to the prison for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

reflecting any adverse actions taken against defendant. He argues that defendant did not respond to the request. Defendant opposes the motion as untimely.

Both plaintiff's second request for production of documents and motion to compel fall well outside the deadlines set by the court. This court's September 18, 2020 order extending the deadlines for discovery and dispositive motions specifically stated that the order did not change the court's original DSO in any other respect. The March 2, 2020 DSO specifically informed the parties that discovery requests must be served no later than 60 days before the discovery deadline. The discovery deadline was October 20, 2020. Plaintiff served his second request for production of documents on October 11.

Plaintiff did not seek an extension of the discovery deadline. Nor has plaintiff explained why he did not make his second document request in a timely manner. In his current motion, plaintiff explains only why his motion to compel discovery was delayed.

Even if plaintiff's discovery and motion were timely, his motion to compel would be denied. Plaintiff seeks documents reflecting every adverse action against defendant. However, this action is limited to one question – whether defendant discriminated against plaintiff in violation of the ADA and RA based on plaintiff's participation in a mental health program. Plaintiff's request far exceeds the scope of this action.

For these reasons, plaintiff's motion to compel is denied.

**MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE**

Defendant seeks an extension of the deadline for filing pre-trial motions ("dispositive motions"), except motions to compel discovery, through February 17, 2021. This court finds good cause for defendant's request.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel defendant to respond to his second request for production of documents (ECF No. 63) is denied; and

////

////

////

2. Defendant's motions to extend the deadline for filing dispositive motions (ECF Nos. 66, 67) are granted. Dispositive motions shall be filed on or before February 17, 2021.

Dated: February 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hill0184.mtc etc